FILED
1st JUDICIAL DISTRICT COURT
Rio Arriba County
9/30/2019 11:17 AM
STEPHEN T. PACHECO
CLERK OF THE COURT
Breanna Aguilar

STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA
FIRST JUDICIAL DISTRICT COURT

WADE NELSON
    Plaintiff,

v.

CACTUS DRILLING COMPANY, LLC,
and
KEITH TAYLOR
    Defendants.

No.    D-117-CV-2019-00477
Case assigned to Mathew, Francis J.

## COMPLAINT FOR PERSONAL INJURIES

COME NOW Plaintiff, Wade Nelson, by and through his attorneys of record, Glasheen, Valles & Inderman, LLP (Jonathon ("Jon") Clark), and for his cause of action herein against Defendants, Cactus Drilling Company, LLC and Keith Taylor, and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff is a resident of Livingston, Texas.

2. Cactus Drilling Company, LLC, (hereinafter referred to as "Cactus Drilling") based on information and belief is a foreign limited liability company with its principal place of business in Oklahoma City, OK. Defendant Cactus Drilling may be served with process by serving its registered agent, CT Corporation System, at 206 S. Coronado Ave., Espanola, NM 87532.

3. Defendant Keith Taylor at all times relative hereto was an employee of Cactus Drilling. Keith Taylor negligently operated the forklift involved in causing Plaintiff's injuries. Upon information and belief, Defendant Keith Taylor is a resident of Oklahoma. Defendant Taylor may be served at his last known residential address: 41525 E. 1896 Road, Antlers, OK 74523.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction of this cause of action because many of the events and occurrences giving rise to incident occurred in the State of New Mexico. Additionally, venue is proper in Espanola, Rio Arriba County, New Mexico, pursuant to NMSA 1978 § 38-3-1(F) because Defendant Cactus Drilling maintains a registered agent in Espanola, Rio Arriba County, New Mexico.

5. Defendant Cactus Drilling is registered to do business in the State of New Mexico pursuant to Article 17 of the Business Corporation Act (the Act) and is engaged in and deriving profit from conducting business in this state as a contractor offering land drilling operations in the oil and gas industry. As a result this Court has general jurisdiction over Defendant Cactus Drilling, as it consented to be subject to the same duties, restrictions, penalties, and liabilities imposed upon domestic corporation, including consenting to the duties and liabilities inherent in submitting to the jurisdiction of New Mexico courts for causes of action (such as this cause of action) which arose in this state while Defendant was authorized to transact business in this state.

6. This Court has specific personal jurisdiction over Defendant Cactus Drilling because it engages in business as a land drilling contractor in New Mexico, and it was in the course of this business in the state, that Plaintiff was injured. The Plaintiff's causes of actions are connected with, or related to, or lie in the wake of Cactus Drilling's business activities in New Mexico. Defendant Cactus drilling and its employee, Keith Taylor, acting in the course and scope of his employment, committed torts subject to jurisdiction under the New Mexico Long-arm Statute by engaging in dangerous and unsafe conduct in New Mexico, which caused the Plaintiff's injuries.

7.     Defendants have purposefully availed themselves of the privileges and benefits of conducting activities within New Mexico.

8.     The Defendants' negligent acts within New Mexico and outside New Mexico caused the injury complained of herein within New Mexico.

9.     The claims in this civil action are connected with or relate to or lie in the wake of Defendants' contacts within New Mexico.

10.    New Mexico has a clear interest in resolving claims arising from harms suffered in New Mexico as the result of negligent practices in New Mexico

11.    This Court's exercise of jurisdiction over Defendants does not violate the Defendants' constitutional rights under the due process clause.

12.    This Court's exercise of jurisdiction over Defendants does not violate the traditional notions of fair play and substantial justice.

13.    It is no burden on Defendants to litigate this civil action in New Mexico.

### III. GENERAL ALLEGATIONS

14.    The allegations of the preceding and succeeding paragraphs are incorporated herein by this reference.

15.    On or about April 21, 2017, Wade Nelson was working at Defendant Cactus Drilling's drilling location near Jal, NM. Defendant Cactus operates and is responsible for the drilling operations at this location. Wade Nelson was employed by LEAM Drilling Systems and was tasked with assisting Cactus Drilling employees. Cactus Drilling employees delivered to the location two pup collars, and left them on a gravel pile, instead of on racks.

16.    As a result, Cactus Drilling employee, Keith Taylor, asked Wade Nelson to assist him as Keith Taylor lifted the approximately 500-pound pony collars with a forklift. He asked Wade

Nelson to clear the rocks off of the forks. After Wade Nelson performed this task, but before he was clear of the load, Cactus employee Keith Taylor engaged the lift, rolling the pony collars off of the forks, smashing Mr. Nelson's right ankle between the pony collar and an adjacent pup joint. Defendant Cactus Drilling employee Keith Taylor was negligent in operating the forklift when it was unsafe. Defendant Cactus Drilling further failed to safely place the pony collars and pup joint, failed to direct a safe process, and failed to properly train its employee Keith Taylor in the operation of a forklift.

17. As a result of Defendant Cactus Drilling's (including the actions of Keith Taylor and its other employees) failures to properly place the pony collar and pup joint, safely operate a forklift, and properly train employee Keith Taylor Plaintiff Wade Nelson was injured.

## IV. COUNT 1 – NEGLIGENCE

18. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

19. At all times relevant to these causes of action Defendant Cactus Drilling had a duty to act as a reasonable and prudent company would have acted under the same or similar circumstances. Defendant Cactus Drilling breached these duties and was negligent. Defendant Cactus Drilling's negligence was the sole proximate cause and/or proximate cause of the incident made the basis of this suit and Plaintiff's injuries and damages. Defendant Cactus Drilling's negligence includes but is not limited to the following:

    a.    failing to be reasonable in its safety procedures;

    b.    failing to establish proper hazard communication procedures;

 c. failing to properly train, supervise, and/or manage its agents, employees, and/or management in proper hazard avoidance and prevention;

 d. operating the forklift when unsafe;

 e. operating a forklift with Plaintiff in the zone of harm;

 f. failing to establish proper forklift certification procedures;

 g. failing to provide a safe workplace;

 h. failing to properly supervise the safety of the operation;

 i. failing to properly place the pony collars and pup joints onto racks instead of on gravel;

 j. failing to adequately train Defendant Keith Taylor in the operation and use of a forklift; and

 k. in other respects as revealed in the course of discovery.

20. As a direct and proximate result of Defendant Cactus Drilling's negligence, as set forth above, Plaintiff suffered injuries and damages in an amount to be proved at trial.

At any time when it is alleged that Defendant Cactus Drilling acted or failed to act, it did so by and through its agents, officers, employees, servants, principals and vice principals acting within the course and scope of their agency, employment or other relationship. This includes, but is not limited to, the actions or inactions of Defendant Keith Taylor.

21. Defendant Keith Taylor, an employee of Cactus Drilling, was negligent and breached his duty to Plaintiff and the public at the above time and place in at least the following respects:

 a. failing to properly inspect the work site prior to beginning the task to identify potential hazards;

 b. failing to perform a job safety analysis (JSA) before beginning a task;

  c.  failing to properly communicate hazards;

  d.  operating a forklift with persons in the zone of harm;

  e.  tilting the forks of the forklift and causing the load to roll off into Plaintiff; and

  f.  operating a forklift without being properly trained and ensuring the area of operation is safe for the operation to be performed.

22. As a direct and proximate result of Defendant Keith Taylor's negligence, as set forth above, Plaintiff suffered injuries and damages in an amount to be proved at trial.

### *Respondeat Superior*

23. Defendant Cactus Drilling is vicariously liable for the damages proximately caused to Plaintiff by virtue of the negligent conduct of its employees, including Defendant Keith Taylor. At all times relevant to the allegations in this Complaint Defendant Cactus Drilling's employees were acting within the course and scope of their employment and were negligent. This negligence was a proximate cause of Plaintiff's injuries and damages. Therefore, Defendant Cactus Drilling is vicariously liable to Plaintiff for the negligent acts and/or omissions of its employees on the basis of *Respondeat Superior*.

24. As a direct and proximate result of acts or omissions as set forth above, Plaintiffs suffered injuries and damages in an amount to be proven at trial.

### V. DAMAGES

25. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

26. As a direct and proximate result of the negligence of Defendants, Plaintiff has sustained serious injuries, and has undergone considerable pain and suffering which impaired his ability to function normally and has incurred medical expenses. Further, Plaintiff suffered pain, physical

impairment, disfigurement, loss of enjoyment of life, and loss of earning capacity which he sustained as a direct and proximate result of the negligence of the Defendants. Plaintiff also seeks damages for pain, physical impairment, disfigurement, loss of enjoyment of life, medical expenses, and loss of earning capacity which in reasonable probability he will incur in the future.

27.   **WHEREFORE**, Plaintiff respectfully asks this Court for the following relief:

   a.   Grant judgment in his favor;

   b.   Awards compensatory in an amount to be proven at the time of trial;

   c.   Awards costs incurred in the prosecution of this action;

   d.   Awards pre- and post-judgment interest at the maximum allowed by law; and

   e.   Orders any and all other relief that this Court may deem proper.

Respectfully submitted:

GLASHEEN, VALLES & INDERMAN, LLP

/s/ *Jonathon Clark*
Jonathon (Jon) C. Clark
State Bar No. 141557
4300 San Mateo Blvd, Suite B150
Albuquerque, NM 87110
(737) 202-3433/ (512) 298-1009 (fax)
Email: efile.jon.clark@gvilaw.com

**ATTORNEY FOR PLAINTIFF**